JOHN H. HORWITZ, State Bar No. 137192
 horwitzj@slmclaw.com
SCHAFFER, LAX, McNAUGHTON & CHEN
A Professional Corporation
515 South Figueroa Street, Suite 1400
Los Angeles, California 90071
Telephone:  (213) 337-1000
Facsimile:  (213) 337-1010

Attorneys for Defendants SEG
VENTURES INC., SEG VENTURES
ARIZONA, and STAN E. GOODREAU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LIFESPAS, INC., <br><br>        Plaintiff, <br><br>    v. <br><br> SEG VENTURES, INC.; SEG VENTURES ARIZONA, INC.; and STAN E. GOODREAU, <br><br>        Defendant. | CASE NO. 5:08CV01539 SGL (JCx) <br><br> **PROTECTIVE ORDER REGARDING TREATMENT OF CONFIDENTIAL INFORMATION** <br><br> Trial Date:           None Set |

WHEREAS, the parties in the above-captioned action believe that discovery may involve the disclosure of confidential or proprietary information, including competitively sensitive information the disclosure of which would cause harm to the parties; and

WHEREAS, the parties desire to establish a mechanism to, protect the disclosure of such information in this action without prejudice to any motion for further relief or modification;

The Court, having reviewed the attached Stipulation and [Proposed] Protective Order Regarding Treatment of Confidential Information, and good cause appearing, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

HEREBY ORDERS THAT:

1.  The following definitions shall apply to this order:

   (a)  "Producing Party" shall mean any person or entity, regardless of whether a party to this action, who produces material in response to a discovery request made by a party to this action.

   (b)  Material may be designated "Confidential" hereunder if it contains any trade secret within the meaning of California Civil Code section 3426.1 or contains other competitively sensitive information, including but not limited to competitively sensitive pricing or financial information, or non-public customer information, that a Designating Party contends may cause harm to its business operations or provide improper advantage to others and which is so designated as "Confidential" under this order.

   (c)  "Qualified Person(s)" shall mean (i) counsel of record or other attorney retained by the parties in connection with this litigation; (ii) any employees of counsel of record that counsel reasonably deems necessary; (iii) the parties hereto, including as to organizations, such officers, directors and employees as the management deems reasonably necessary to prosecute or defend this action; (iv) court reporters and videographers herein; and (v) such other persons as may hereafter be qualified to receive "Confidential" material pursuant to order of the Court or the provisions of paragraph 10 hereof.

   (d)  "Designating Party" means a person or entity, regardless of whether a party to this action, who designates information produced in discovery as "Confidential."

2.  To bring any materials within this protective order, a Producing Party or Designating Party shall designate it as "Confidential." If any party disagrees with the proposed designation of information as "Confidential," that party shall so notify the Producing Party and/or Designating Party in writing. If, after 1 0 days of such notice, the Producing and/or Designating Party does not agree to remove its designation of confidentiality as to the contested materials the party challenging the

1  designation may, subject to C.D. Cal. Local Rule 37, file a motion with the Court
2  requesting that the Court determine that such materials are not covered by the scope
3  of this protective order. The party designating the contested materials as
4  "Confidential" shall bear the burden of proving that those materials should be
5  treated as "Confidential" under this protective order. If the party challenging a
6  designation of certain materials as "Confidential" brings such a motion, the
7  materials in dispute shall be treated as "Confidential" hereunder until a final ruling
8  by the Court. The parties are expected to limit designations to genuinely confidential
9  information deserving private treatment. The parties shall be mindful of the burden
10 placed on themselves and the Court in handling "Confidential" material.

11         3.     To designate any documents or things produced after the date hereof as
12 "Confidential," the Producing Party or Designating Party may mark all or part of the
13 material with the legend "Confidential." Such designation shall be made by the
14 Producing Party at the time of the production, and by any Designating Party within
15 30 days of receipt. To designate any documents or things produced before the date
16 hereof as "Confidential," the Designating Party may send a letter designating such
17 material with specificity to all counsel within 14 days of the entry of this Order.

18         4.     To designate deposition testimony as "Confidential," the Producing
19 Party or Designating Party shall identify passages, either on the record or by letter to
20 all counsel designating the Confidential portions within 14 days of production of the
21 transcript of the deposition. Such passages shall be "Confidential." Other responses
22 to written discovery shall be designated as "Confidential" by so identifying the
23 response as "Confidential" at the time of service. Parallel portions of videotaped
24 depositions designated as "Confidential" shall be "Confidential" as well.

25         5.     If any party or non-party produces, in response to discovery requests in
26 the above-captioned action, information qualifying as "Confidential" as to any other
27 party herein, then that other party (the "Designating Party") may designate such
28 information as "Confidential" by letter to all parties herein sent within 30 days of

SCHAFFER, LAX, MCNAUGHTON & CHEN
A PROFESSIONAL CORPORATION
515 SOUTH FIGUEROA STREET, SUITE 1400
LOS ANGELES, CALIFORNIA 90071
(213) 337-1000

1   receipt of the materials by the Designating Party.

2        6.    Any documents, deposition testimony or discovery response may be designated as "Highly Confidential- Attorneys' Eyes Only" by the Producing Party or a Designating Party if it contains the confidential information contained in paragraph 1 (b) and is so highly sensitive that its disclosure to a party, an officer, director, or employee of a party, or a third party not listed in paragraph 10 would reveal significant business or financial advantages of the Designating Party. To designate any documents or things produced after the date hereof as "Highly Confidential- Attorneys' Eyes Only," the Producing Party or Designating Party may mark all or part of the material with the legend "Highly Confidential ¬Attorneys' Eyes Only."  Such designation may be challenged in the manner set forth in paragraph 2 above.  Such "Highly Confidential - Attorneys' Eyes Only" materials will be treated in accordance with paragraph 7 below.

     7.    Any materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be treated in accordance with the terms of this protective order, except where those terms conflict with this paragraph 7, which provides for a higher level of protection for "Highly Confidential- Attorneys' Eyes Only" materials. The Qualified Persons who may have access to "Highly Confidential- Attorneys' Eyes Only" materials include only (i) counsel for the parties hereto; (ii) any employees of counsel of record that counsel reasonably deems necessary; and (iii) such other persons as may hereafter be qualified to receive "Confidential" material pursuant to order of the Court or the provisions of paragraph 10 hereof. In the event that any question is asked at a deposition that calls for the disclosure of "Highly Confidential - Attorneys' Eyes Only" materials, any party may request that the portion of the deposition transcript relating to such questions be treated as "Highly Confidential- Attorneys' Eyes Only." The entire transcript of the deposition shall be considered "Highly Confidential- Attorneys' Eyes Only" until the end of the 14-day designation period specified in paragraph 4 above. Parallel portions of videotaped depositions

SCHAFFER, LAX, MCNAUGHTON & CHEN
A PROFESSIONAL CORPORATION
515 SOUTH FIGUEROA STREET, SUITE 1400
LOS ANGELES, CALIFORNIA 90071
(213) 337-1000

1  designated as "Highly Confidential - Attorneys' Eyes Only" shall be treated as
2  "Highly Confidential ¬Attorneys' Eyes Only" as well.
3       8.    "Confidential" material shall be used only in connection with the
4  litigation of this matter and shall not be used or disclosed except in accordance with
5  this order.
6       9.    "Confidential" material, whether in the form of documents, copies
7  thereof, or otherwise, shall be maintained at all times in the possession of counsel
8  for any of the parties, or any successor attorney or law firm for any of the parties, or
9  any expert retained by any party (pursuant to Paragraph 10), and no such
10 information or documents shall be shown to any other person or persons except for
11 Qualified Persons as defined herein. The substance or content of "Confidential"
12 material, as well as all notes and memoranda relating thereto, shall not be disclosed
13 to anyone other than a Qualified Person.
14      10.   Experts and consultants employed by counsel of record for the purpose
15 of assisting in the preparation of trial and/or trial of this action may become
16 Qualified Persons and have access to "Confidential" materials related to the specific
17 subject on which they may testify as an expert or on the specific subject(s) on which
18 they are providing expert assistance for trial preparation pursuant to the following
19 procedure: Prior to disclosure of any "Confidential" material to said expert or
20 consultant, the proponent thereof shall obtain a written statement by such proposed
21 expert or consultant setting forth the name of such expert or consultant, his or her
22 present business and residence addresses, and certifying that such proposed expert
23 or consultant has read this Order and will at all times maintain a copy thereof in his
24 or her possession, agrees to comply with its terms and, for the purpose of securing
25 compliance with its terms, irrevocably submits his person to the jurisdiction of this
26 Court. The statement of any such expert or consultant shall be kept by the proponent
27 counsel and a copy thereof shall be sent to 2111 counsel within ten days of the
28 designation of said person as an expert or the giving of testimony, whether by

SCHAFFER, LAX, MCNAUGHTON & CHEN
A PROFESSIONAL CORPORATION
515 SOUTH FIGUEROA STREET, SUITE 1400
LOS ANGELES, CALIFORNIA 90071
(213) 337-1000

1  deposition or at trial.

2  　　　11.　When documents, briefs, or memoranda containing "Confidential"
3  material are filed with the Court, counsel for the respective parties shall advise the
4  court clerk and comply with such procedures, as the Court allows, to maintain the
5  confidentiality of the materials in question, including filing under seal in accordance
6  with C.D. Cal. Local Rule 79-5.

7  　　　12.　"Confidential" material may be shown to any deposition witness or
8  interviewed witness who are not Qualified Persons without restriction only when
9  that witness is shown as the author or recipient of the information.

10 　　　13.　Upon final termination of this action, each party shall either destroy or
11 return to the Designating Party all materials designated "Confidential," including all
12 copies of such materials and all materials substantively containing summaries or
13 information derived therefrom with the exception that counsel may retain in their
14 files an archival copy of all pleadings, motion papers, transcripts, legal memoranda,
15 correspondence (including e-mails) or attorney work product, even if such materials
16 contain "Confidential" material (subject to the restrictions of the order). Any such
17 archival copies that contain or constitute "Confidential" material remain subject to
18 this Protective Order. At the request of any party, the opposing party shall provide
19 written certification of compliance. Receipt of any documentary evidence returned
20 by the non-designating party shall, upon request made concurrently, be
21 acknowledged by the receiving party in writing.

23 　　　IT IS SO ORDERED.

25 Dated:　June 15, 2009　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　Hon. Jacqueline Chooljian
26 　　　　　　　　　　　　　　　　　　United States Magistrate Judge

253041 16733

6
PROTECTIVE ORDER REGARDING TREATMENT OF CONFIDENTIAL INFORMATION